FREDDIE PEARL MASTELLER v. GREAT NORTHERN RAILWAY
COMPANY.[1]

March 1, 1907.

Nos. 15,026—(164).

**Question for Jury.**

The evidence was sufficient to go to the jury upon the question whether
the foreman of a railroad section crew, in charge of a hand car, was in
the exercise of reasonable care in keeping a lookout for obstructions upon
the track and in avoiding collision with another hand car.

**Excessive Verdict.**

Verdict of $12,500 *held* excessive.

Action in the district court for Stearns county to recover $30,000
for personal injuries. The case was tried before Searle, J., and a
jury, which rendered a verdict in favor of plaintiff for $12,500. From
an order of Dibell, J., acting in place of a judge of the Seventh judi-
cial district, denying a motion for judgment notwithstanding the
verdict but granting a new trial unless plaintiff should consent to a
reduction of the verdict to $9,000, defendant appealed. Reversed and
new trial granted.

*M. L. Countryman* and *Geo. H. Reynolds,* for appellant.
*Donohue & Stephens* and *Calhoun & Bennett,* for respondent.

LEWIS, J.

Respondent was a section hand working with a crew of eleven men
on the Osakis division of appellant's railway. On the day of the ac-
cident they had been at work on the main track, some ten miles east
of Osakis, and at the close of the day, about six o'clock, on the third
day of November, 1904, were returning to Osakis upon a hand car,
running six or seven miles an hour, and collided with another hand
car coming from the opposite direction, carrying a bridge crew, also
in appellant's employ. Respondent was thrown off, and received in-
juries upon which this action was founded. The negligence charged
in the complaint was that the bridge crew was negligent in failing to
keep a watchful lookout, in not properly controlling the car to avoid

[1] Reported in 110 N. W. 869.

collisions, and, further, that the section foreman, in charge of the crew of which respondent was a member, was negligent in failing to keep a lookout, and in not discovering the car upon which the bridge crew were approaching, and in failing to control or stop the car, and to take proper means to avoid the accident. The cause went to trial. The jury returned a verdict of $12,500. Appellant made a motion for judgment notwithstanding the verdict, and, in case that should be denied, for a new trial upon several grounds, including excessive damages, appearing to have been given under the influence of passion or prejudice. The trial court denied the motion for judgment, but granted the motion for a new trial unless appellant should consent to have the verdict reduced to $9,000.

The motion for judgment notwithstanding the verdict was based upon the ground that it conclusively appeared from the evidence that the collision was the result of the unauthorized acts of the bridge crew in trespassing upon the main track with a hand car, and that appellant was in no manner responsible therefor, and that no negligence was shown on the part of the foreman of the section crew. There was a sharp dispute as to whether, at the time of the accident, it was dusk or quite dark, and as to how far the approaching bridge crew might have been seen if the foreman had been watching. Witnesses testified variously that it was light enough to see from one hundred eighty to two hundred forty feet, three hundred thirty feet, and ninety to one hundred feet; that no effort was made to stop the car at all; that no warning was given; and that the foreman could easily have stopped the car within a distance of thirty five or forty feet. The foreman testified that he saw the car ninety feet away, and that he immediately applied the brake and tried to stop the car.

The court charged the jury that the foreman was not bound to anticipate the oncoming of the bridge crew, they being trespassers and having no license to go upon the main track, but that he was bound to anticipate the meeting of trains lawfully upon the track. This position was favorable to appellant, and its correctness is not challenged on this appeal; but the court submitted to the jury's determination whether, under all the circumstances, the foreman exercised reasonable care in keeping a lookout, in giving warning, and in avoiding the accident by controlling the car. In view of a new

trial, which must be granted upon another ground, we will not discuss. this phase of the case in detail, but will only state that the facts were sufficient to justify the court in submitting to the jury the question of the foreman's negligence.

As a result of the collision respondent was thrown a number of feet and fell upon the ground, sustaining internal injuries, and was confined to his bed from November until April, during which time he was attended by only one physician. Doctors were called at the trial who testified as to the nature of plaintiff's injuries, in substance, claiming that two ribs were fractured; that one of his kidneys was dislodged and caused considerable pain; that, while the fracture of the ribs was comparatively healed, it had resulted in painful adhesions. in the region of the lungs, caused by severe inflammation in the vicinity of the fracture; and that his general condition was such as to incapacitate him from future hard manual labor, but that there was. no appearance suggesting that any of the natural functions of the different organs were particularly affected or impaired.

On the other hand, certain physicians were called by appellant who, in effect, testified that they had made careful examinaton of respondent and found no evidence of a dislodged kidney; that the pain complained of in the abdominal region was caused by chronic appendicitis; that in the nature of things the pleural adhesions testified to by respondent's physicians were not possible; and that at the time of the trial there were no indications of any serious results from the injuries. received. The doctor who attended respondent during his illness was. not called, and so the verdict rests entirely upon the expert testimony.

Unfortunately the judge who tried the case was prevented by sickness from passing upon the motion for a new trial, and the judge who was called in for that purpose was deprived of the benefit of having personally listened to the testimony.

Under all of these circumstances, we are impressed with the fact that the evidence was not sufficient to sustain the verdict. In view of the fact that the evidence of the expert physicians was so conflicting on the essential points, we are forced to the conclusion that the verdict of $12,500 is not to be accounted for upon any reasonable basis, and that the jury must have been influenced by passion or

prejudice. Such being the case, the reduction of the verdict did not serve to take away the influence which entered into the deliberations of the jury.

For this reason, a new trial must be granted. So ordered.