FREDDIE PEARL MASTELLER v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 31, 1908.

Nos. 15,472—(207).

**Opinion of Expert Witness.**

The opinion of an expert witness may be based in part upon his own testimony as to facts within his personal knowledge and upon a hypothetical presentation of other matters not within his knowledge.

[1] Reported in 114 N. W. 757.

Action in the district court for Stearns county to recover $30,000 damages for personal injuries. The case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff for $15,000. From an order granting its motion for a new trial unless plaintiff would consent to a reduction of the verdict to $10,000, to which he agreed, defendant appealed. Affirmed.

*M. L. Countryman* and *Geo. H. Reynolds,* for appellant.

*Donohue & Stephens* and *James R. Bennett, Jr.,* for respondent.

LEWIS, J.

This action was before this court upon a former appeal (100 Minn. 236, 110 N. W. 869), where a statement of the facts will be found. The present appeal presents two questions:

1. Several physicians testified as experts in behalf of plaintiff. One of the hypothetical questions contained a statement of the collision of the two hand cars, the rate of speed at which it was propelled, how respondent was riding, how he was thrown against the handle bars and upon the ground and thereby rendered unconscious, the time he was confined to his bed, the fact that he was unable to perform any manual labor, that prior to that time he had received no other injuries and was in good health, and closed as follows: "Q. * * * That, taken in connection with what you found, the objective symptoms, not including anything which plaintiff may have said to you, what would you say as to the cause of his condition?" Dr. Boehm had already testified that he had made personal examination of respondent, and that in his opinion two ribs had been fractured in the accident, and as a result inflammation of the pleura had set in and developed certain adhesions. Objection was made to the hypothetical question upon the ground that it did not contain all of the important facts in the case. The facts which were omitted from the question were those testified to by the doctor as to what in his opinion took place as the result of the accident, viz., inflammation of the pleura and the development of adhesions.

We think the question was not open to the criticism named. It was so framed as to include all of the important points in the accident and what took place up to the time of the personal examination of the witness. Having testified as to what those symptoms were,

there was nothing misleading in referring to them as objective symptoms, without setting them out in detail in the question. Practically the same objection was made to the other hypothetical question propounded to other witnesses. Although they varied somewhat in detail, there was no substantial omission of evidence. It is not the rule that under all circumstances a hypothetical question must contain a statement of all the material facts concerning which there is evidence. If a witness was present in court and heard the evidence, he may express an opinion with reference to it, although not set out in the form of a hypothetical question. The question objected to contained that part of the evidence not within the personal knowledge of the witness. It was not necessary to itemize the facts within his personal observation and which he testified to as a witness. They were included in that part of the question reading: "Taken in connection with what you found, the objective symptoms." This is no infringement upon the rule that when a physician has not made a personal examination of the patient, and has not heard other witnesses testify with reference to the facts, then the hypothetical question must be based upon a statement of all the evidence which was produced at the trial. Wigmore, Ev. §§ 672–678.

2. Upon the former trial the jury returned a verdict for $12,500 The trial court cut it down to $9,000, and upon appeal in this court a new trial was ordered on the ground that the verdict was excessive. At the second trial the jury returned a verdict for $15,000; and the trial court ordered a new trial unless respondent was willing to accept a reduction to $10,000. At the former trial the evidence was conflicting in respect to the nature of the injuries, and the judge who passed upon the evidence and ordered the verdict reduced was not the judge who tried the case. The evidence at the present trial regarding the nature and extent of the injuries differs considerably. Some of the witnesses who testified at the former trial did not testify at the second, and others who did not testify at the first trial did at the second. The trial judge had the benefit of seeing the witnesses and judging as to their credibility, and the verdict, as reduced, is sustained by the evidence.

Affirmed.